W. Willard WIRTZ, Secretary of Labor, Plaintiff-Appellant,

v.

LOCAL UNION NO. 705, HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS UNION, AFL–CIO, Defendant-Appellee.

No. 17920.

United States Court of Appeals Sixth Circuit.

Feb. 14, 1968.

Robert V. Zener, Dept. of Justice, Washington, D. C., for appellant, Carl Eardley, Acting Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief.

Ernest Goodman, Detroit, Mich., for appellee, Goodman, Eden, Robb, Millender, Goodman & Bedrosian, Detroit, Mich., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

■ The Secretary of Labor filed a complaint to set aside a union election on the ground that qualification standards of candidates for office had not been enforced with uniformity. The action was initiated under Title IV, § 402, of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482. The purpose of Title IV is "to insure free and democratic union elections." Wirtz v. Local Union 125, Laborers' International Union, 389 U.S. 477, 88 S.Ct. 639, 19 L.Ed.2d 716.

The election was conducted July 20, 1965. Myra Wolfgang was secretary-treasurer of the local union. Godfrey Franklin undertook to qualify as a candidate for vice president in opposition to an incumbent favored by Wolfgang. In order to qualify as a candidate, a member must have been in continuous good standing for twenty-four months prior to his nomination. The union by-laws provide that a member who is more than two months in arrears in payment of dues will be automatically suspended. The election committee of the local union advised Franklin that he did not qualify as a candidate because he had been more than two months in arrears.

Franklin thereupon sent a telegram to the election committee, care of Myra Wolfgang, dated June 15, 1965, protesting the decision that he was ineligible to run for office because not in continuous good standing. The election committee replied by informing Franklin that he had a right of appeal to the General President of the International Union.

On June 22, 1965, Franklin directed an appeal to the General President of the International Union. The appeal is attached as an appendix to this opinion.

Myra Wolfgang wrote a detailed letter to the International President contending that Franklin was ineligible to be a candidate because he had been in arrears in payment of dues for two calendar months.

Franklin's protest was overruled by the President of the International Union on July 9, 1965. He thereupon appealed to the General Executive Board of the International Union[1] and this appeal was denied.

An investigation thereupon was made by the Department of Labor, with notice to both the International Union and Local Union that one of the grounds of complaint was that "candidate qualifications were not uniformly applied." The International President informed the Area Director of the Department that "Nothing further will be done by this office, unless and until we are fully advised with much greater particularity of the circumstances and details concerning the alleged violations."

The complaint filed by the Secretary of Labor in this proceeding alleges that the union violated Section 401(e) of the Act, 29 U.S.C. § 481(e), in the conduct of the election. The alleged violation consisted of allowing Myra Wolfgang to run as a candidate for secretary-treasurer, despite the fact that she failed to fulfill the "two years continuous good standing" eligibility requirement, while this same requirement was applied to disqualify other candidates similarly situated. The complaint further alleges that the union altered its dues records

---

1. Myra Wolfgang was a member of the General Executive Board. She and the General President were recorded as "not voting" on Franklin's appeal to the Board.

so as to conceal the facts disqualifying secretary-treasurer Wolfgang.[2]

The union filed a motion to dismiss the complaint on the ground that Franklin's protest was directed only to the office of vice president and contained no charge concerning the disqualification of Myra Wolfgang for the office of secretary-treasurer. The union argues that Franklin's complaint to the union did not give notice of the charges which are the subject matter of the Secretary's complaint, thereby depriving the union of an opportunity to investigate the charges concerning Myra Wolfgang's qualifications. It is the union's position that the Secretary has no right to maintain this action because the statute requires that the remedies available under the constitution and by-laws of the union first must be exhausted. 29 U.S.C. § 482(a) (1).

Initially the District Judge denied the motion to dismiss, rendering an opinion which we find to be well-reasoned and sound. Thereafter the decision was announced in Wirtz v. Local Unions, Nos. 9, 9-A and 9-B, International Union of Operating Engineers, 366 F.2d 911 (10th Cir.).[3] Upon the authority of this opinion the District Court vacated its previous order and granted the union's motion to dismiss the complaint for failure to exhaust internal union remedies. We reverse on authority of Wirtz v. Local Union 125, Laborers' International Union, supra, in which the Supreme Court held that in a suit by the Secretary of Labor under Section 402 of the Labor Management Reporting and Disclosure Act of 1959, the Secretary is not limited to the specific allegations made in the union member's initial complaint.

2. The complaint contained the following averments:

"IV

"The defendant, purporting to act in accordance with its constitution and by-laws, conducted an election of officers on July 20, 1965. This election was subject to the provisions of Title IV of the Act (29 U.S.C. 481, et seq.).

"V

"On June 15, 1965, Godfrey Franklin, a member in good standing of defendant, filed a protest of the conduct of the said election, in accordance with the constitution and bylaws of defendant and of the Hotel and Restaurant Workers and Bartenders International Union, AFL-CIO (hereinafter the International). On October 12, 1965, the General Secretary-Treasurer of the International notified him that his protest was denied. Having then fully exhausted the remedies available under the constitution and bylaws of the defendant and the International, without obtaining relief, he filed a complaint with the Secretary of Labor, on October 26, 1965, within the time specified in Section 402(a) (1) of the Act (29 U.S.C. 482(a) (1)), alleging violations of the provision of Section 401 of the Act (29 U.S.C. 481) on the part of defendant in the conduct of the protested election.

"VI

"Pursuant to Section 402(b) of the Act (29 U.S.C. 482(b)) the Secretary of Labor investigated the said complaint and as a result of the facts shown by said investigation found probable cause to believe that violations of Title IV of the Act (29 U.S.C. 481, et seq.) on the part of defendant had occurred in the conduct of said election and had not been remedied prior to the filing of this action.

"VII

"In the said election, defendant permitted Myra Wolfgang to run as a candidate for Secretary-Treasurer, and declared her as having been elected, although she was then not qualified to be a candidate for, and to hold, office under the eligibility requirements of applicable provisions of the constitution and bylaws of the defendant and of the International; to wit, the requirement to have maintained good standing for a period of two years. The said requirement was at the same time applied to other candidates. The union altered its dues records or permitted the records to be altered so as to conceal the facts disqualifying Myra Wolfgang. Defendant thereby violated Section 401(a) of the Act (29 U.S.C. 481(c).

"The violations of Section 401 of the Act (29 U.S.C. 481), found and alleged as above, may have affected the outcome of the election."

3. Certiorari was granted and this decision was vacated for mootness. 387 U.S. 96. The Secretary's brief states that after the Solicitor General filed a petition for certiorari, the parties filed a joint suggestion of mootness, on the ground that the case had been settled in an agreement calling for a supervised election of all officers.

The essence of Franklin's internal complaint was that "although he paid his dues like everyone else, he was the only one disqualified." Although he alleged discrimination as between himself and the incumbent vice president, he also involved secretary-treasurer Wolfgang in his allegations, charging that the incumbent vice president was "her favored candidate" and that the real reason for his own disqualification was not the dues requirement, but the fact that he accepted the nomination "contrary to the wishes of secretary-treasurer Wolfgang." The burden of Franklin's internal complaint was that the dues requirement was being utilized in a discriminatory manner by the incumbent officers, including Myra Wolfgang, to stifle opposition.

Lacking the investigatory authority of the Secretary of Labor, Franklin could not have been expected to discover the fact later charged by the Secretary—that the union altered the dues records of Wolfgang to conceal her ineligibility to run for office under the same rule that had been used to disqualify Franklin.

The union's defense to this litigation is that Franklin's internal complaint failed to allege nonpayment of dues by Wolfgang, a fact which the union itself actively concealed. We find this defense to be untenable.

■■ We hold that under the averments of the complaint in this case the action may be maintained by the Secretary attacking the legality of the election of the union's secretary-treasurer and other officers, even though the union member who exhausted internal remedies before the suit was filed was a candidate for vice president. We further hold that the internal complaint filed by Goldfrey Franklin in this case was adequate to give the union an opportunity to correct the violation and that the complaint is sufficient to aver exhaustion of internal union remedies in compliance with the statute. 29 U.S.C. § 482(a).

The order dismissing the complaint is reversed and the case is remanded to the District Court for trial.

## APPENDIX

June 22, 1965
3111 Oakman Boulevard
Detroit 39, Michigan

Mr. Ed S. Miller
General President
Hotel and Restaurant Employees and Bartenders International Union
6 East Fourth Street
Cincinnati, Ohio 45202

Dear Mr. Miller:

I herewith appeal from the decision of the Election Committee of Local 705 that I am ineligible to run for the office of Local Vice-President of the Local Union at the pending elections, to which office I was duly nominated at the Local's convention of June 7, 1965. (My protest from such declaration of ineligibility was rejected, with direction that, if I wish, I appeal directly to you.)

The purported reason I have been declared ineligible is my alleged violation of the provisions of Article XII, Sec. 6 of the International Constitution, respecting arrearage of dues, and the provisions of Article VI, Sec. 1 of Local 705's by-laws, respecting eligibility for candidacy. The Election Committee's letter of June 9, 1965, declaring my ineligibility, is herewith enclosed.

The conclusion of the Election Committee is clearly erroneous. I have never been advised of any such infraction, nor been suspended, fined, or otherwise disciplined with respect thereto, nor been asked to pay any fee or other penalty as a condition of reinstatement; nor has the Local ever advised you, as would otherwise be its obligation under Article X, Sec. 21 of the International's Constitution, of any suspension of myself; nor has it withheld any per capita from you based upon any alleged cessation or suspension of my membership. Indeed, if Article XII, Sec. 6 of the International Constitution stands applicable, the Local itself is suspended for failure to remit to you fees otherwise alleged owing. Until now, the Local has consistently accepted my dues and that of others when tendered, has waived the purported construction of this section and its application,

and is estopped to assert it now. My dues book will attest to fully paid dues without suspension at all times, as receipted by Secretary-Treasurer Wolfgang.

The purported reason for my declared ineligibility is a sham and crude subterfuge. The real reason is that, contrary to the wishes of Secretary-Treasurer Wolfgang, I accepted nomination for the office of Vice-President in opposition to her favored candidate, incumbent Vice-President Furay—whose own circumstances relative to the alleged dues provisions have, in fact, been no different from my own. This discriminatory abuse of my rights as a member of the Local and International violates the provisions of the Labor Management Reporting and Disclosure Act of 1959, including Sections 401(c), 401(e) and 609, and the Constitution and by-laws of the International and Local, respectively.

In addition to the foregoing, on June 10, 1965, I was discharged as a business agent of the Local Union, also for exercising my rights as a member to participate in election procedures of the Local Union and to stand for office. The pretext given was "insubordination". I hereby appeal from the Local 705 Executive Board's ratification of that discharge, which action was taken in violation of Section 609 of the Labor Management Reporting and Disclosure Act of 1959, and the provisions of the International's Constitution and Local by-laws.

I take this appeal not merely to exhaust my internal remedies preliminary to the institution of appropriate action, if necessary, by myself and/or the Secretary of Labor, but in the sincere hope that the International will not tolerate this flagrant abuse of its members' rights to enjoy internal union democracy. These matters are already a source of public notoriety in Detroit, to our mutual regret. I hope you will immediately review and reverse these actions, particularly so as to afford reasonable time for me to effectively campaign prior to the election, which is now scheduled for July 20. I further request, pursuant to Section 401

of the Labor Management Reporting and Disclosure Act, that I be afforded equal treatment with all other candidates with respect to the circulation of campaign material, access to union records, and the assurance of adequate safeguards to insure a fair election, including the presence of an observer in my behalf at the polls and at the counting of ballots.

I await your prompt reply.

Yours very truly,
/s/ Godfrey Franklin
GODFREY FRANKLIN

ENCLOSURE:

cc: Local 705
Hotel, Motel & Restaurant Employees' Union
100 Selden Avenue
Detroit, Michigan